Filed 6/3/26  P. v. Bridges CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE,<br>        Plaintiff and Respondent,<br><br>        v.<br><br>JOHN BRIDGES,<br>        Defendant and Appellant. | C103943<br><br>(Super. Ct. No. 24FE013710) |

After defendant John Bridges violated his Penal Code section 290[1] sex offender registration requirement by failing to notify law enforcement agencies of his new address within five days, he pleaded no contest to felony failing to register as a convicted sex offender (§ 290.018, subd. (b)) and admitted a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12).  The trial court sentenced defendant to two years eight months in state prison, consisting of the low term of 16 months doubled for the prior strike under section 667, subdivision (e)(1).  Although the trial court did not orally impose any fines or fees at sentencing, the minute order and abstract of judgment include a $300 restitution fine (§ 1202.4), a $300 parole revocation fine (§ 1202.45), a $40 court operations assessment (§ 1465.8), and a $30 criminal conviction assessment (Gov. Code, § 70373).

---

[1]  Undesignated statutory references are to the Penal Code.

1

On appeal, defendant contends the restitution fine and parole revocation fine must be stricken because the trial court did not include them in its oral pronouncement of sentence. The People agree.

We agree the restitution fine and parole revocation fine should not have been included in the minute order and abstract of judgment. We also conclude the trial court should have orally imposed the court operations assessment and criminal conviction assessment. We will modify the judgment to impose the court operations assessment and criminal conviction assessment, affirm the judgment as modified, and direct the trial court to correct the minute order and abstract of judgment to omit the restitution fine and parole revocation fine.

DISCUSSION

Defendant contends the restitution fine and parole revocation fine must be stricken because the trial court did not include them in its oral pronouncement of sentence.

The oral imposition of sentence constitutes the judgment in an action, and the minutes and abstract of judgment cannot add anything substantive to the oral pronouncement. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185; *People v. Zackery* (2007) 147 Cal.App.4th 380, 385, 387-389.) The oral pronouncement controls if there is a discrepancy, and the court clerk lacks the authority to add fines or fees not imposed by the trial court. (*Zackery*, at pp. 385-390.) If the clerk includes fines or fees in the minute order or abstract of judgment that were not orally imposed, those fines and/or fees must be stricken from the minute order and abstract. (*Id.* at pp. 387-389; *People v. Rowland* (1988) 206 Cal.App.3d 119, 124.)

A restitution fine under section 1202.4 need not be imposed if the trial court " 'finds compelling and extraordinary reasons for not doing so, and states those reasons on the record.' " (*People v. Tillman* (2000) 22 Cal.4th 300, 302, quoting § 1202.4, subd. (b).) Thus, a restitution fine under section 1202.4 is "a discretionary sentencing choice." (*Tillman,* at p. 303.) A corresponding parole revocation fine is mandatory only

2

if a restitution fine is imposed. (*People v. Smith* (2001) 24 Cal.4th 849, 853 (*Smith*).) Although the People argue the judgment should be modified to include the omitted fines, they did not object to the omission at sentencing. (*Tillman,* at pp. 302-303.)

Defendant notes that his assignment of error and request for relief does not include the omission of the assessments from the oral pronouncement of sentence. However, the court operations assessment and criminal conviction assessment are both mandatory (§ 1465.8; Gov. Code, § 70373), and we may address such an omission because the failure to impose them results in an unlawful sentence. (*Smith, supra*, 24 Cal.4th at p. 853.) We will modify the judgment to impose the assessments.

DISPOSITION

The judgment is modified to impose a $40 court operations assessment (§ 1465.8) and a $30 criminal conviction assessment (Gov. Code, § 70373). The judgment is affirmed as modified. The trial court is directed to correct the sentencing minute order and abstract of judgment to omit the $300 restitution fine (§ 1202.4) and the $300 parole revocation fine (§ 1202.45), and to forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.

/S/ _____
MAURO, J.

We concur:

/S/ _____
EARL, P. J.

/S/ _____
ROBIE, J.

3